J-S81038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISHAQ ABDULE LEWIS, | |
| Appellant | No. 906 MDA 2017 |

Appeal from the PCRA Order May 8, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0000147-2005

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MARCH 14, 2018**

Appellant, Ishaq Abdule Lewis, appeals *pro se* from the order dismissing his fourth petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely. Appellant's petition is concededly untimely, and he fails to plead and prove that a statutory exception to the PCRA time-bar applies. Accordingly, we affirm.

The factual and procedural history of this case is somewhat lengthy. We summarize only the parts most relevant to the claims in this appeal.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Readers seeking additional information about this case may wish to refer to this Court's previous opinion, rejecting Appellant's second PCRA petition. (**See Commonwealth v. Lewis**, 63 A.3d 1274 (Pa. Super. 2013)).

Around noon on September 30, 2004, in the area of Hall Manor in Harrisburg, Pennsylvania, Appellant shot a gun into a car near a school bus numerous times, striking all three individuals in the car. The vehicle moved forward and struck the school bus. The driver died, and two others who were injured required hospitalization.

On July 20, 2005, Appellant entered a counseled, negotiated guilty plea to first-degree murder and related crimes in exchange for the Commonwealth's withdrawal of its notice of intent to seek the death penalty, and other sentencing concessions. Appellant also pleaded guilty to recklessly endangering another person, flight to avoid apprehension, simple assault, two violations of the Uniform Firearms Act, and three counts of aggravated assault. (**See Lewis**, **supra** at 1276). He received a mandatory sentence of life imprisonment without the possibility of parole for his first-degree murder conviction.[2]

On March 2, 2006, Appellant filed a *pro se* PCRA petition and sought to withdraw his guilty plea. Appointed counsel filed an amended petition, requesting the *nunc pro tunc* restoration of direct appeal rights. The PCRA court denied Appellant's request to withdraw his guilty plea, but reinstated his

---

[2] For the remaining convictions, in accordance with the negotiated plea, the trial court sentenced Appellant to concurrent terms of imprisonment. At that time, he did not file a post-sentence motion or a direct appeal from his judgment of sentence.

direct appeal rights *nunc pro tunc.* On direct appeal, appointed counsel filed a petition to withdraw from representation and an accompanying ***Anders*** brief.[3] This Court affirmed his judgment of sentence on November 5, 2008.[4]

Appellant filed the instant fourth PCRA petition, *pro se*, on December 30, 2016. Pertinent to this appeal, the petition includes a copy of a handwritten statement signed by Appellant's ex-wife, Shanelle Baltimore,[5] and dated November 8, 2016. (***See*** [Petition for PCRA] Relief, 12/30/16, "Voluntary Statement," at 1-5). Appellant maintains that Ms. Baltimore's statement constitutes "newly discovered evidence that would have allowed ME to have a jury trial that would have different results in My case." (Petition, at 4) (emphases in original) (some capitalization omitted).

_____

[3] ***See Anders v. California***, 386 U.S. 738 (1967). The ***Anders*** brief raised one claim, whether Appellant's request for withdrawal of his guilty plea should have been granted where his plea was entered as a result of external influences upon him, specifically, his attorneys and family, rendering the guilty plea involuntary. Therefore, Appellant's claim that he was coerced into his guilty plea was previously litigated and rejected.

[4] We note for the sake of completeness that we rely on the docket entry which records the decision affirming the judgment of sentence as dated 11/05/08, but docketed on 12/16/08. The decision date is also identified elsewhere in the record before us as 11/11/08. The minor discrepancy is not material to our analysis of the timeliness issue, or to any other issue in this appeal.

[5] Ms. Baltimore's first name is alternatively spelled "Shanullu," in the same petition. (***See*** Petition, at 7).

The PCRA court filed notice of its intent to dismiss the petition as untimely. (*See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure No. 907 of Intention to Dismiss Petition for Post-Conviction Collateral Relief, 3/17/17, at 4). Appellant filed a response. The PCRA court dismissed the petition on May 8, 2017. Appellant timely appealed, on May 24, 2017.[6]

Appellant raises seven (unnumbered) questions in this appeal.

Was counsel ineffective for failing to investigate potential eyewitness whom [Appellant] mentioned to counsel?

Was counsel ineffective for failing to interview all of the prosecution witnesses?

Was counsel (sic) advice to his client to plea (sic) out without interviewing all witnesses in the case thoroughly constitutionally effective?

Was counsel ineffective for failing to investigate the case properly and present a defense that would have gotten his client a better deal?

Was counsel ineffective for failing to do any pretrial investigation whether Appellant's due process was violated?

Was counsel ineffective for the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have change the out come of the case?

Was counsel ineffective for failing to interview prosecution eyewitness about her tampering with evidence?

---

[6] Appellant timely filed a court-ordered statement of errors, on June 21, 2017. The PCRA court filed a Memorandum in Lieu of Opinion, on August 10, 2017, referencing its notice of intent filed March 17, 2017, for the reasoning in support of its dismissal. *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 5) (most capitalization omitted).[7]

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. **Commonwealth v. Breakiron**, 566 Pa. 323, 781 A.2d 94, 97 n.4 (2001). Our review of questions of law is *de novo*. **Commonwealth v. Fahy**, 598 Pa. 584, 959 A.2d 312, 316 (2008).

**Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) *cert. denied*, 134 S. Ct. 639 (2013).

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted).

However, before we may review this case on the merits we must first determine if the appeal is timely or qualifies for one of the three enumerated exceptions to the PCRA time-bar, and is therefore properly before us. If a

---

[7] We observe that all of Appellant's issues assert ineffective assistance of counsel. We note that "attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts." **Commonwealth v. Davis**, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003) (citing cases).

PCRA petition is not timely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review it.

"The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (**Lewis**, **supra** at 1280-81) (citation omitted).

To be timely, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

"The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citation omitted); **see also Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) ("[I]t is the appellant's burden to allege and prove that one of the timeliness exceptions applies.") (citation omitted). Moreover, the Rules of Appellate Procedure require that an appellant properly develop his arguments on appeal. **See** Pa.R.A.P. 2119(a)-(d).

"Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo.*" *Fahy*, *supra* at 315; *accord Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014).

Here, Appellant concedes that his PCRA petition was filed outside of the one-year time limit.[8] (*See* Petition, at 3 ¶ 5). However, he maintains that he is entitled to the benefit of the newly discovered facts exception at section 9545(b)(1)(ii):

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>      *    *    *
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
>
>      *    *    *
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

---

[8] In this case, Appellant's judgment of sentence became final on December 5, 2008—thirty days from the date this Court issued its decision on his direct appeal *nunc pro tunc.* *See* n.4 *supra*; *see also* Pa.R.A.P. 1113 (providing 30 days after the entry of an order from the Superior Court to request allowance of appeal in the Pennsylvania Supreme Court). Thus, to be facially timely, Appellant had to file his PCRA petition, including a second or subsequent petition, by December 5, 2009. *See Lewis*, *supra* at 1278.

42 Pa.C.S.A. § 9545(b)(1)(ii), (2).

In this appeal, our independent review of Appellant's brief reveals that he has not properly asserted an exception to the PCRA's timeliness requirements. Most conspicuously, Appellant fails to explain why the statement he now claims as an exception to the statutory time-bar could not have been obtained earlier with the exercise of due diligence. To the contrary, Appellant fails to document how, or when, the purported facts were discovered, beyond a cursory reference to unspecified social media. (**See** Petition, at 3 ¶ 5(II), 4 ¶ 6(B)).

Ms. Baltimore's statement is highly problematical in many other ways as well. First, although Appellant claims the information in the "newly discovered evidence" was developed from social media, there is no discernible reference to social media in the statement itself. (**See** Voluntary Statement, at 1-5). At most, it purports to report Ms. Baltimore's **own** version of various mostly peripheral events, which transpired on the day of the shooting.

Contrary to Appellant's assertion, the statement never even identifies an alternate shooter. Ms. Baltimore's statement simply recounts that her friend, otherwise unidentified, "screamed out she knew who did the shooting and said his name." (**Id.** at 2). Immediately after this purported statement, Ms. Baltimore continues, "[t]he [police] officer let us leave." (**Id.**). Therefore, at minimum, Ms. Baltimore was an eyewitness, but never revealed the alleged contemporaneous evidence, until November 8, 2016.

Section 9545(b)(1)(ii)'s exception focuses on newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Appellant "makes no attempt to explain why the information contained in these statements could not, with the exercise of due diligence, have been obtained much earlier." *Commonwealth v. Priovolos*, 746 A.2d 621, 626 (Pa. Super. 2000), *appeal denied*, 758 A.2d 1198 (Pa. 2000) (citing *Commonwealth v. Yarris*, 731 A.2d 581, 590 (Pa. 1999)).

Additionally, Ms. Baltimore's statement which purportedly reveals that **another** person made a statement that **she** knew who committed the murder is hearsay, not within any exception, and so unreliable as to be inadmissible. "A claim which rests exclusively on inadmissible hearsay is not of a type that would implicate the after-discovered evidence exception to the timeliness requirement, nor would such a claim, even if timely, entitle Appellant to relief under the PCRA." *Yarris*, *supra* at 592.

Appellant has failed to carry his burden under § 9545(b)(1)(ii). Because he failed to establish that an exception to the timeliness requirement applies, we conclude that his petition is time-barred. The PCRA court properly dismissed Appellant's fourth petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2018